IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DEWITT JYNTRE WILLIAMSON, II,
*as Father and Next Friend*
*of J.S.W., a Minor*                                                                 PLAINTIFF

V.                                           CAUSE NO. 2:18-CV-15-LG-MTP

PRESBYTERIAN CHRISTIAN
SCHOOL, INC., *et al.*                                           DEFENDANTS

PRESBYTERIAN CHRISTIAN                        COUNTER-CLAIMANTS/
SCHOOL, INC., *et al.*                           THIRD-PARTY PLAINTIFFS

V.

DEWITT JYNTRE WILLIAMSON, II,           COUNTER-DEFENDANT
and JILL WILLIAMSON                     THIRD-PARTY DEFENDANT

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

BEFORE THE COURT is the [23] Motion to Remand filed by Plaintiff Dewitt Jyntre Williamson, II, as father and next friend of J.S.W., a minor ("Plaintiff"), asserting that the Court lacks subject-matter jurisdiction over his own claims. This Motion is now fully briefed.

Plaintiffs' compliant contains no allegation that Defendant Presbyterian Christian School, Inc. is a state actor, or that Defendants acted in concert with state actors under color of state law. Thus, having considered the Motion, the related

pleadings, and relevant legal authority, the Court is of the opinion that Defendants have not established that subject-matter jurisdiction exists over Plaintiff's claims and that removal to this Court was proper. Plaintiff's Motion to Remand will be granted, and this matter will be remanded to state court.

## I. BACKGROUND

This dispute arises from the permanent dismissal of minor J.S.W. from Defendant Presbyterian Christian School, Inc., in 2017, due to J.S.W.'s alleged violation of the school's Sexual Harassment Policy contained in its Handbook. (Am. Compl. 6-8, ECF No. 9.) Plaintiff Dewitt Jyntre Williamson, II, as father and next friend of J.S.W., a minor ("Plaintiff"), filed his Complaint in the Circuit Court of Forrest County, Mississippi, on December 27, 2017. (Compl. 1, ECF No. 1-2.) Plaintiff named Presbyterian Christian School, Inc., Ali Stayer, Mike Atkinson, Brian T. Smith, Jim Misner, Kyle Maxie, Claudia Powell, and Sophia Sweetie Greer as Defendants.

The Complaint advances claims for negligence, negligent hiring, training, and supervision, gross negligence, negligence per se, intentional infliction of emotional distress, defamation, libel and/or slander per se, breach of fiduciary duty, breach of contract, tortious breach of contract, breach of the implied duty of good faith and fair dealing, civil conspiracy, false light, and violation of J.S.W.'s constitutional rights under the Constitutions of the United States and the State of Mississippi. *Id.* at 22-33. Plaintiff seeks monetary damages from Defendants. *Id.* at 33. According to the Complaint, Defendant Presbyterian Christian School, Inc.,

is a private school and non-profit corporation existing under the laws of Mississippi. *Id.* at 2.

Defendant Presbyterian Christian School, Inc., removed the case to this Court on February 7, 2018, invoking federal jurisdiction pursuant to 28 U.S.C. § 1331. (Notice of Removal 1, ECF No. 1.) Because Plaintiff has asserted a claim for violation of the Fourteenth Amendment of the United States Constitution, Defendant Presbyterian Christian School, Inc., maintains this Court has jurisdiction. (*Id.* at 1-2.)

At the Court's direction, due to the use of multiple minors' names in the Complaint, (*see* Order at 1, ECF No. 6), Plaintiff filed a substantively identical Amended Complaint on February 15, 2018. (*See* ECF No. 9.) On March 19, 2018, Plaintiff filed the remand motion now before the Court, arguing that federal question jurisdiction does not exist. (Pl.'s Mot. 2, ECF No. 23.) According to Plaintiff, Mississippi's state courts have concurrent jurisdiction over his due process claim, and he "bases his 'constitutional' claims upon the Mississippi Constitution as well as the United States Constitution." (Pl.'s Mem. 11, ECF No. 24.) Defendants Presbyterian Christian School, Inc., Ali Stayer, Mike Atkinson, Brian T. Smith, Jim Misner, and Kyle Maxie respond that Plaintiff's Fourteenth Amendment constitutional claim confers subject-matter jurisdiction upon this Court under the well-pleaded complaint rule. (Defs.' Resp. 1, ECF No. 31.)

Defendants Presbyterian Christian School, Inc., Ali Stayer, Mike Atkinson, Brian T. Smith, Jim Misner, and Kyle Maxie ("Counter-Claimants") have filed an

Answer as well as a Counterclaim against Plaintiff and a Third-Party Complaint against Jill Williamson.  Counter-Claimants advance state-law claims for breach of contract and violation of the Mississippi Litigation Accountability Act against the Williamsons.  (Countercl. 28-29, ECF No. 12.)  Counter-Claimants claim that the Williamsons breached their agreement in the Presbyterian Christian School Handbook, including the Sexual Harassment Policy.

## II.  DISCUSSION

A. <u>Relevant legal authority</u>

1. <u>Removal and federal subject-matter jurisdiction</u>

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction.  28 U.S.C. § 1441(a) (2012).  Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically designated by the Constitution or Congress.  *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010).  Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties—commonly referred to as 'federal question' jurisdiction."  *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014) (citing 28 U.S.C. §§ 1331, 1332, 1369).  "Thus, under § 1441, removal

is proper *only* when the court has original jurisdiction over at least one asserted claim under either federal question or diversity jurisdiction." *Id.* at 259 (emphasis in original).

In this case, the record reflects that Plaintiff and at least one Defendant are Mississippi citizens, such that complete diversity of citizenship is lacking. *See* 28 U.S.C. § 1332. The question presented is whether the Court possesses federal question jurisdiction.

2. Federal question jurisdiction

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> An action can arise under federal law for purposes of § 1331 in two ways: In a well-pleaded complaint (1) the party has asserted a federal cause of action, . . . or (2) the party has asserted a state cause-of-action claim that necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities . . . .

*Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013) (citation and quotation omitted).

Under the well-pleaded complaint rule, a plaintiff's federal question must appear on the face of his well-pleaded complaint. *Quinn v. Guerrero*, 863 F.3d 353, 358–59 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 682 (2018). While a plaintiff need not cite a specific federal provision, such as 42 U.S.C. § 1983, he must allege facts sufficient to establish a colorable issue of federal law. *Id.* The absence of a valid

cause of action does not implicate subject-matter jurisdiction, but the absence of an arguable one does. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89 (1998). A finding of lack of subject-matter jurisdiction due to inadequacy of a federal claim is proper "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Id.*

3. 42 U.S.C. § 1983 claim

In Count XIV, Plaintiff claims that Defendant Presbyterian Christian School, Inc., violated J.S.W.'s due process rights under the Fourteenth Amendment of the United States Constitution. *See* Am. Compl. [9] at 32-33; Compl. [1-2] at 32-33. While Plaintiff does not specifically cite 42 U.S.C. § 1983, any claim for monetary damages for the alleged violation of constitutional rights would arise under this particular statute, since § 1983 "provides a vehicle by which a plaintiff may seek redress for constitutional injuries." *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 752 (5th Cir. 2009).

A plaintiff asserting a claim under 42 U.S.C. § 1983 must demonstrate that a defendant (1) deprived him of his constitutional rights and (2) acted under color of state law. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017). While private individuals generally are not considered to act under state law, a private individual's action may be deemed to be state action if the defendant's conduct is fairly attributable to the state. *Id.* at 352. Otherwise, when non-state actors are

involved, in order to hold them liable on a § 1983 claim, "they must have engaged in a conspiracy with state actors to violate her constitutional rights." *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008).

B.     Analysis

In both the original Complaint and Amended Complaint, while Plaintiff ostensibly advances a claim against Defendant Presbyterian Christian School, Inc., for the allegation violation of J.S.W.'s due process rights under the Fourteenth Amendment to the United States Constitution, neither pleading contains an allegation that Presbyterian Christian School, Inc. is a state actor.  (*See* Am. Compl. 32-33, ECF No. 9; Compl. 32-33, ECF No. 1-2.)  Moreover, there are no factual allegations in those pleadings from which one could plausibly conclude that the acts of Presbyterian Christian School, Inc. were fairly attributable to the state or that the private school conspired with any state actors.[1]

Plaintiff has not stated an arguable or colorable federal claim, and any 42 U.S.C. § 1983 claim against a private actor is foreclosed by prior precedent and completely devoid of merit.  *See Steel Co.*, 523 U.S. at 89.[2]  Having thoroughly

---

[1] While not essential to the Court's consideration of the present Motion to Remand, the Court notes that in a Motion for Summary Judgment filed prior to the Motion to Remand, Defendants Presbyterian Christian School, Inc., Ali Stayer, Mike Atkinson, Brian T. Smith, Jim Misner, and Kyle Maxie asserted that dismissal of Plaintiff's federal constitutional claim is required because Plaintiff did not show the threshold issue of state action.  (*See* Mem. in Supp. of Mot. for Summ. J. 20, ECF No. 5.)

[2] *See also, e.g., Lavergne v. Sanford*, 570 F. App'x 385, 386 (5th Cir. 2014) (finding no federal jurisdiction under § 1983 for claims against non-state actors for constitutional violations); *Drake v. St. Paul Travelers Ins. Co.*, 353 F. App'x 901, 905 (5th Cir. 2009) (determining § 1983 was inapplicable to defendant who was not a state actor, such that the

reviewed the pleadings, the Court finds that Defendants not have met their burden of demonstrating that subject-matter jurisdiction exists. Remand is required.

## III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. Absent a well plead federal cause of action this Court lacks subject-matter jurisdiction, and Plaintiff's Motion to Remand will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [23] Motion to Remand filed by Plaintiff Dewitt Jyntre Williamson, II, as father and next friend of J.S.W., a minor, is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the above-captioned cause is hereby remanded to the Circuit Court of Forrest County, Mississippi, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 29 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 2nd day of October, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

court lacked subject-matter jurisdiction over the claim against him); *Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (holding that a plaintiff's claim under 42 U.S.C. § 1983 was insufficient to establish subject-matter jurisdiction based on the existence of a federal question when the plaintiff did not allege facts demonstrating that the defendant acted under color of state law, such that dismissal under Rule 12(h)(3) was required).